**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| |
|---|
| JOSE C. RUIZ, CRUZ EDUARDO RUIZ, and LUKASZ ZAJKOWSKI, Individually and on Behalf of All Similarly-Situated Employees<br>                    Plaintiffs,<br><br>v.<br><br>NEI GENERAL CONTRACTING, INC.;<br>DELTA DRYWALL AND FRAMING LLC;<br>JOSEF RETTMAN; AND DAVID ADAM VILLANUEVA,<br>                    Defendants. |

CA No. 1:21-cv-11722-WGY

*WJY*

**[~~PROPOSED~~]**
**FINAL ORDER AND JUDGMENT**
**GRANTING FINAL APPROVAL OF SETTLEMENT**
**AND GRANTING APPROVAL OF**
**ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENTS**

**YOUNG, U.S.D.J.**

Plaintiffs and Class Representatives Jose C. Ruiz, Cruz Eduardo Ruiz, and Lukasz

Zajkowski, individually and on behalf of the members of the classes certified by the Court by

Order dated February 29, 2024 ("Class Members") (ECF No. 84), and Defendant NEI General

Contracting, Inc. ("Defendant"), entered into a proposed settlement ("Settlement") in this wage

and hour class action matter on January 24, 2025, subject to the Court's approval. The parties

submitted their Class Settlement Agreement ("Settlement Agreement") to the Court (ECF No.

96-1) seeking preliminary approval of settlement (ECF No. 95), which the Court granted on

January 27, 2025 ("Preliminary Approval Order") (ECF No. 97.) Unless otherwise defined in

this Order, the capitalized terms herein defined in the Settlement Agreement shall have the

meanings ascribed to them in the Settlement Agreement.

1

The Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to or opt out of the Settlement. The Court finds that the dissemination of the Notice to the Class Members: (i) was implemented in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; and (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, of the effect of the Settlement (including the releases provided for therein), of Class Counsel's motion for an award of attorneys' fees, costs and service awards, of their right to object to or opt out of the Settlement, of the plan of allocation of the Gross Settlement Amount, and of their right to appear at the Fairness Hearing. No Class Members objected to or opted out of the Settlement.

Having considered the proposed Settlement Agreement, the papers submitted by the parties in support of the final approval of the Settlement, and the arguments of counsel at the Fairness Hearing held on June 2, 2025, the Court hereby grants Plaintiffs' Motions for Final Approval of the Settlement and Attorneys' Fees, Costs, and Service Awards as proposed and enters judgment accordingly.

**IT IS HEREBY ORDERED AND ADJUDGED THAT**:

(1)   **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties to the Settlement;

(2)   **Sufficient Notice.** The Court hereby finds that the dissemination of the Notice:

   a.   constituted the best practicable notice to members of the Settlement Class under the circumstances of the Action;

   b.   constituted notice that was reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to obtain monetary relief from this Settlement;

2

    c. constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and

    d. constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law and rules;

(3) **Adequate Claim Form.** The Court finds that the Claim Form that was distributed to the Settlement Class met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law.

(4) **Approval of Fair, Reasonable and Adequate Settlement.** The Court hereby finds that the terms and provisions of the Settlement, as set forth in the Settlement Agreement, (i) have been entered into in good faith after arms' length negotiation, (ii) are in the best interest of the Class Members, and (iii) are fair, reasonable and adequate and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules, and hereby grants final approval of the Settlement described in the Settlement Agreement and directs the consummation of its terms and provisions;

(5) **Payment of Gross Settlement Amount.** The Court hereby declares Defendant liable for the full amount of the Gross Settlement Amount and directs Defendant to provide the Gross Settlement Amount to the fund established by the Administrator pursuant to the terms and timeline stated in the Settlement Agreement;

(6) **Distribution of Settlement by Administrator.** The Court hereby directs the Settlement Administrator to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Participating Class Member) according to the terms and timeline stated in the Settlement Agreement;

(7) **Release.** The Release, which is set forth in Paragraph 10 of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and Judgment, and forever discharges the Released Parties from any claims or liabilities based on the Released Claims;

(8) **Binding Effect.** The terms of the Settlement and of this Final Order and Judgment shall be forever binding on Plaintiffs, Defendant, and all Settlement Class Members, as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-

in-interest and successors, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that are encompassed by the Release;

(9) **Modifications.** Nothing in this Final Order and Judgment shall preclude the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement as (1) shall be consistent in all material respects with this Final Order and Judgment and (2) do not limit the rights of the Parties or the Settlement Class Members;

(10) **Attorneys' Fees and Costs.** Class Counsel are hereby awarded attorneys' fees and reimbursement of their costs and expenses in the amount of $155,377.36, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement Agreement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Classes, and that the amount of costs and expenses is reasonable and was reasonably incurred in the course of the litigation. The percentage of the attorneys' fees awarded shall not serve as precedent for attorneys' fees awards in future cases;

(11) **Service Awards.** The Court hereby awards $3,500 to each of the three Class Representatives as a service award for their actions as Class Representatives in this Action. The Court finds that the above stated service awards are fair and reasonable in consideration of, among other things, the efforts of each of the Class Representatives and the settlement they helped achieve for the Classes;

(12) **Retention of Jurisdiction Over Settlement.** The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, over the administration and distribution of settlement benefits, and for any other necessary purpose;

(13) **Actions to Enforce Settlement.** Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement or the Settlement Agreement;

(14)   **Dismissal with Prejudice.**  The Court hereby dismisses the Action on the merits and with prejudice as to the Released Claims, without fees or costs to any Party except as otherwise provided in this Order and the Settlement Agreement;

(15)   **Clerk to Enter Final Order and Judgment.**  Having found that the Settlement is fair, reasonable, and adequate, the Court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the action subject to its terms.


**IT IS SO ORDERED** this ___11th___ day of June 2025.


William G. Young
HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT COURT

5